## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**MEAGAN E. AITCHISON**                                                      **PLAINTIFF**

**V.**                          **NO. 4:23-CV-00602 LPR-JTK**

**COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**                          **DEFENDANT**

### RECOMMENDED DISPOSITION

### I.   Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### II.   Introduction:

Plaintiff, Meagan E. Aitchison ("Aitchison"), filed an application for Title XVI supplemental security income on August 14, 2020. (Tr. at 18). In the

1

application, she alleged that her disability began on June 25, 2015. *Id*. The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") denied Aitchison's claim in a written decision dated July 26, 2022.[1] (Tr. at 18-36). The Appeals Council denied Aitchison's request for review of the hearing decision on May 11, 2023. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Aitchison has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## III.   <u>The Commissioner's Decision</u>:

The ALJ found that Aitchison had not engaged in substantial gainful activity since the application date of August 14, 2020.[2] (Tr. at 21). Aitchison worked for minimal income during the relevant time-period. *Id*.

---

[1] Two prior applications for benefits filed by Aitchison were denied by ALJ decisions. (Tr. at 97-106, 115-129). *Res judicata* precludes the reopening of those final agency actions. 20 C.F.R. § 404.957.

[2] For supplemental security income claims, the relevant time-period for adjudication begins on the application date. (Tr. at 18-21); 20 C.F.R. § 416.971 *et seq*.

The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

The ALJ found, at Step Two, that Aitchison has the following medically determinable impairments: depression, bipolar disorder, posttraumatic stress disorder, anxiety, obsessive compulsive disorder, attention deficit hyperactivity disorder, cervical spine facet arthrosis, occipital neuralgia, chronic pain syndrome, bilateral sensorineural hearing loss with hearing aids, and residuals of chemotherapy and radiation from a brain tumor. (Tr. at 21).

At Step Three, the ALJ determined that Aitchison's impairments did not meet or equal a listed impairment.[3] (Tr. at 22-25). Before proceeding to Step Four, the ALJ determined that Aitchison had the residual functional capacity ("RFC") to perform work at the light exertional level, with some additional limitations; (1) the job could have office level noise but no bright sunlight; (2) the job could require no more than occasional bilateral overhead reaching; (3) she can understand, remember, and carry out simple, routine, and repetitive tasks; (4) she can respond to usual work situations and routine work changes; (5) she can respond to supervision that is simple, direct, and concrete; and (6) she can frequently interact with the general public. (Tr. at 25).

At Step Four, the ALJ determined that Aitchison was unable to perform her

---

[3] 20 CFR Part 404, Subpart P, Appendix 1.

past relevant work. (Tr. at 33-35). Utilizing the testimony of a Vocational Expert ("VE"), the ALJ next determined that, based on Aitchison's age, education, work experience, and RFC, she was able to perform a number of jobs in the national economy. *Id*. Therefore, the ALJ concluded that Aitchison was not disabled. *Id*.

IV.  **Discussion**:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the

meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.   Aitchison's Arguments on Appeal

Aitchison contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that: (1) ALJ failed to fully develop the administrative record; (2) the ALJ erred at Step Two with respect to neurocognitive disorders and migraine headaches; (3) the ALJ erred in his evaluation of Aitchison's subjective complaints; (4) the RFC did not fully incorporate Aitchison's credible limitations; and (5) the ALJ did not resolve a potential conflict at Step Five.

Aitchison had a variety of mental health conditions that affected her daily life.

She said she had trouble reading or remembering what she read. (Tr. at 60-66). She said she was fired from past jobs for making mistakes. *Id*. She alleges she suffers from panic attacks and is nervous leaving the house. (Tr. at 71-75). She says that her mom helps her raise her young children. *Id*.

However, during the relevant time-period, Aitchison ran a successful online arts and crafts business, shopped in stores, drove, traveled, and went out on New Year's Eve. (Tr. at 30, 305-308, 328-331, 889-895, 1021-1033, 2305-2324). Her online business required preparing products for sale, photographing the products, shipping them, attending shows, and running a business page on Etsy. (Tr. at 30). These activities indicate that she is not as limited as she alleges.[4]

Aitchison's treatment for mental health issues was conservative: she received counseling, and she took psychiatric medications. She improved with mental health treatment.[5] (Tr. at 26-30, 496, 582, 797, 879-974, 2240-2245, 2305, 2489, 2581). Many of her stressors were situational, involving family grief issues, which likewise do not translate to a permanently disabling mental condition.[6] (Tr. at 496, 501, 512,

---

[4] *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (ability to perform a variety of daily activities undermines claims of disability).

[5] Improvement in condition supports an ALJ's finding that a claimant is not disabled. See *Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

[6] Situational stressors do not suggest an entitlement to disability benefits. *Dunahoo v. Apfel*, 241 F.3d 1033, 1037 (8th Cir. 2001).

553, 784, 893, 901). The Disability Determination Services psychiatric experts reviewed the records and found that Aitchison would be limited to unskilled work, and the ALJ likewise limited her to unskilled work in the RFC.[7] (Tr. at 25). This RFC incorporated Aitchison's credible mental limitations.

There were several mental health provider opinions in the record, and they indicated that Aitchison would be significantly limited in daily mental work functions. The ALJ reviewed each of these opinions and found them to be unpersuasive.[8] The April 2021 statement of Casey Myers, LPC, was ruled unpersuasive by the ALJ because Aitchison's last treatment with Ms. Myers was in October 2018 and was not relevant to the time-period at issue. (Tr. at 31, 976). For the same reason, Dr. Gary Bowman's January 2019 assessment was found unpersuasive, as not related to the period at issue. (Tr. at 31, 2183-2186). Aitchison

---

[7] Social Security Disability applications are initially processed through a network of local Social Security Administration field offices and State agencies (called Disability Determination Services or DDSs).

[8] ALJs are required to analyze whether opinion evidence is persuasive, based on: (1) supportability; (2) consistency with the evidence; (3) relationship with the claimant [which includes: (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extent of the treatment relationship; and (v) examining relationship]; (4) provider specialization; and (5) any other important factors. See 20 C.F.R. § 404, 1520c(a)-(c)(2017). An opinion is more persuasive if it is consistent with and supported by the medical evidence as a whole. 20 C.F.R. § 416.920c(c)(1-2) (2017); *Bonnett v Kijakazi*, 859 Fed. Appx. 19 (8th Cir. 2021); *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) An ALJ must give good reasons for his findings about an opinion's persuasiveness. *Id*.

had improved since then. Dr. David Haas and Elizabeth Fisher assessed Aitchison as having adaptive functioning limitations, but the ALJ noted that their opinion did not provide a period of treatment or rationale for the assessment, and the opinion was inconsistent with treatment notes. (Tr. at 31, 1092). These opinions were also inconsistent with Aitchison's ability to perform daily activities. A consultative examiner evaluated Aitchison in February 2017 and found that she had some mental limitations, like limited ability to concentrate and trouble with word retrieval. (Tr. at 32, 1284-1291). But again, that opinion was remote in time and did not consider Aitchison's positive response to treatment.

Aitchison's argument that the ALJ should have included more mental impairments (she says, vaguely: "all neurological disorders") in her severe/non-severe determination at Step Two fails. (Doc. No. 10 at 14). The ALJ discussed and considered all of Aitchison credible mental impairments. She factored in Aitchison's improvement with conservative treatment, her daily activities, and her ability to work during the relevant time-period. (Tr. at 21-26). She considered the provider opinions, and she justified her treatment of them. And she assigned an RFC for simple work, indicating that she found credible Aitchison's mental limitations. The ALJ did not err at Step Two with respect to mental impairments.

Aitchison also suffered from physical impairments, such as cervical spine

syndrome, chronic pain, and residuals from a brain tumor. (Tr. at 21). She indicated problems with sitting, climbing, reaching, and using her hands, among other things. (Tr. at 26). She said she was in constant pain. *Id*. She said she had debilitating migraines. (Tr. at 1274). However, clinical examination showed normal motor strength, full range of motion in all extremities, and normal gait. (Tr. at 21-22, 460-471, 2470-2475). Aitchison could heel-toe walk and rise without assistance. *Id*. She reported improvement after a bunionectomy, as well as improvement with conservative treatment like ablation and nerve blocks. (Tr. at 28-30, 616, 621-641, 739-740, 2469-2470). A treatment note from April 2020 said that "despite her daily headaches, she is not following [up] with neurology."[9]  (Tr. at 621). Aitchison said a Butrans patch helped her quite a bit, and she sated that her migraines were much improved in March 2022. (Tr. at 616, 2469). She has not shown that migraines were disabling.

The ALJ discussed both severe and non-severe physical impairments at Step Two. She noted Aitchison's ability to perform physical functions in her daily activities. She considered the medical opinions and incorporated the findings of the DDS medical experts into the RFC for light work with postural limitations. The ALJ

---

[9] A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005).

properly considered Aitchison's physical impairments at Step Two and beyond. And the RFC incorporated all of her credible limitations.

Aitchison argues that the ALJ should have further developed the record.[10] The ALJ incorporated DDS doctors' opinions, clinical findings, and Aitchison's testimony into her decision that she was not disabled. She has not shown that any medical issue was crucially undeveloped. The ALJ's findings were supported.

Aitchison also argues that the ALJ failed to adequately consider her subjective complaints.[11] Her claims that she was mentally and physically disabled simply do not comport with the balance of the evidence, and the ALJ said as much. (Tr. at 29). She noted improvement with conservative treatment, the nature and extent of Aitchison's pain, her medication and side effects, and her ability to perform daily

---

[10] An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a claimant has the burden of proving her disability; the ALJ does not have to play counsel for the claimant and the ALJ's duty to develop is not never-ending. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011).

[11] When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. See *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). "An ALJ need not explicitly discuss each factor," and he may "decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (internal citations omitted).

activities. (Tr. at 25-30). She discussed Aitchison's testimony about her conditions. She incorporated the credible medical opinions. The ALJ properly analyzed Aitchison's subjective complaints.

Finally, Aitchison argues that the ALJ erred at Step Five.[12] At the hearing, the ALJ propounded a few hypothetical questions to the VE and the VE testified that certain jobs would be available for someone with Aitchison's limitations. (Tr. at 85-89).

The ALJ limited Aitchison to no more than occasional overhead bilateral reaching and the Dictionary of Occupational Titles ("DOT") does not address overhead reaching.[13] (Tr. at 25). The jobs identified by the VE at Step Five require

---

[12] After determining that a claimant cannot perform past relevant work at Step Four, the burden shifts to the Commissioner to prove that other jobs exist which the claimant can perform. See *Nunn v. Heckler*, 732 F.2d 645, 649 (8th Cir. 1984). The Commissioner may meet his burden at step five by eliciting testimony by a VE in response to "a properly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). A hypothetical question need only include those impairments and limitations found credible by the ALJ. *Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005).

[13] The Dictionary of Occupational Title contains generic job skill descriptions that offer the approximate maximum requirements for each job in the national economy. *Wheeler v. Apfel*, 224 F.3d 891, 897 (8th Cir. 2000). VEs rely upon the DOT to support their testimony about qualifying occupations at Step Five.

An ALJ has an affirmative duty to ask about any possible conflict between the VE's testimony and the DOT before relying on that testimony to support his findings. Soc. Sec. Ruling ("SSR") 00-4p (2000), *2-4, 2000 SSR LEXIS 8; *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007). The VE must provide sufficient explanation for his testimony. *Id*. Next, an ALJ must explain in his decision how he resolved that conflict. *Id*.

frequent or constant reaching. (Doc. No. 10 at 20-23); (Tr. at 35); DOT ## 323.687-014, 209.587-034, 318.687-018. The ALJ recognized this potential conflict in reaching capacity and asked the VE about it. (Tr. at 87-89). The VE addressed the conflict and said that the jobs would be possible for Aitchison based on her experience in job placement. (Tr. at 85-89). The RFC reaching limitation would not prevent Aitchison from performing the jobs identified.

The Eighth Circuit has held that when a VE relies upon his experience with the jobs in question to resolve a potential Step Five conflict, that explanation is sufficient. *Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 519 (8th Cir. 2019). Whether the VE gives sufficient support for his opinion is admittedly a fine-line question, and this Court has illuminated the issue. When an ALJ does not even recognize a conflict, or the VE simply relies on experience in general, the bar has not been met.[14] But a VE's testimony about his experience in job placement or job shadowing suffices to resolve a potential Step Five conflict.[15] A VE's opinion on

---

[14] *Rollins v. Kijakazi*, No. 3:20-cv-00239-PSH, 2021 U.S. Dist. LEXIS 165097, 2021 WL 3891060, at *9-11 (E.D. Ark. Aug. 31, 2021) (more searching inquiry required at Step Five); Montoya v. SSA, No. 3:18-CV-00091-JTK, 2019 U.S. Dist. LEXIS 99311, 2019 WL 2482719 (E.D. Ark. June 13, 2019) (a VE's experience alone does not resolve conflict); see also *Stanton v. Berryhill*, 899 F.3d 555 (8th Cir. 2018) (the VE's response that his "experience" resolved the conflict was insufficient).

[15] *Jones-Brinkley v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-00058-JTK, 2021 U.S. Dist. LEXIS 20302, 2021 WL 371689, at *3 (E.D. Ark. Feb. 3, 2020) (ALJ recognized conflict and the VE properly relied upon judgment and experience); *Mobley v. Saul*, No. 3:19-CV-00198-

how jobs are actually performed is one reason that VEs are consulted in the first place. Here the ALJ recognized the possible conflict and obtained sufficient explanation from the VE. Then the ALJ discussed the resolution of the conflict in her decision. (Tr. at 35). She fulfilled her duty at Step Five.

## V.  **Conclusion**:

There is substantial evidence to support the Commissioner's decision to deny benefits. The record was fully developed, the RFC incorporated all of Aitchison's limitations, the ALJ properly evaluated Aitchison's subjective complaints, and the ALJ did not err at Steps Two or Five. The finding that Aitchison was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 13th day of February, 2024.

_____

UNITED STATES MAGISTRATE JUDGE

---

JTR, 2020 U.S. Dist. LEXIS, 2020 WL 4353653 at *7 (E.D. Ark. July 29, 2020) (ALJ asked VE about conflict and VE testimony was sufficient).