IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MEAGAN E. AITCHISON**                                                                           **PLAINTIFF**

v.                                      Case No. 4:23-CV-00602-LPR

**SOCIAL SECURITY**
**ADMINISTRATION**                                                                              **DEFENDANT**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 12) and the Plaintiff's Objections (Doc. 13). After performing a *de novo* review of the RD and carefully considering the Objections and the entire record, the Court concludes that the RD should be, and hereby is, approved and adopted in its entirety as this Court's findings and conclusions in all respects.[1]

IT IS THEREFORE ORDERED THAT the Commissioner's decision is AFFIRMED, and Judgment will be entered for the Commissioner in this case.

---

[1] There is one extremely close call in this case: the Step-Five overhead-reaching issue related to the arguable tension between the *DOT* and the VE testimony. If there is a further appeal in this matter, I encourage the Eighth Circuit to review this issue closely, including consideration of the necessity or utility of an *en banc* decision. Below, I will briefly identify the issue that (to my mind) calls out for further elucidation by the Eighth Circuit.

If the guideposts for the review of the ALJ's decision are *Stanton v. Commissioner*, 899 F.3d 555 (8th Cir. 2018), *Moore v. Colvin*, 769 F.3d 987 (8th Cir. 2014), *Welsh v. Colvin*, 765 F.3d 926 (8th Cir. 2014), and *Kemp v. Colvin*, 743 F.3d 630 (8th Cir. 2014), then the ALJ appears not to have done enough in the questioning of the VE or in the writing the decision to account for the potential discrepancy between the *DOT* and the VE testimony. But, if instead, the more apt case to apply here is *Twyford v. Commissioner*, 929 F.3d 512 (8th Cir. 2019), then the ALJ did just enough in the questioning of the VE and the writing of the decision to pass muster. In *Twyford*, a person with an inability to "perform overhead reaching bilaterally" challenged the ALJ's decision, arguing that "the VE's testimony conflicted with the [*DOT*] in that the jobs identified by the VE require . . . reaching in all directions . . . ." *Id*. at 516, 519. The Eighth Circuit rejected this argument because "[t]he DOT definitions do not specifically address overhead reaching, but the VE testified based on her own experience that the [potential jobs at issue] do not require it." *Id*. at 519. The Court held that, "[b]ecause the ALJ described Twyford's limitations to the VE, the VE responded with possible jobs, and the VE's testimony did not conflict with the DOT, the ALJ was entitled to rely upon her testimony." *Id*. (cleaned up) (quotation and citation omitted). The reason I am adopting the RD is that I have concluded the instant case falls more clearly under *Twyford* than the other cases. But that slices things very, very finely. As the RD frankly acknowledged, decisions from the Eastern District of Arkansas come out all over the map—in fairly similar fact patterns—as we try to faithfully interpret the binding precedent in this area. (This does not seem to be a phenomenon limited to this District Court.) Additional guidance from above would be helpful.

DATED this 14th day of August 2024.

                                                      _____
                                                      LEE P. RUDOFSKY
                                                      UNITED STATES DISTRICT JUDGE